[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-10201

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

PABLO EMILIANO SUESCUN,

Defendant- Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:97-cr-00257-KAM-1

_____

Before WILSON, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Pablo Suescun, proceeding *pro se*, appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). He argues that he has hypertension, high cholesterol, constipation, and allergies, which put him at an increased risk from COVID-19 and, thus, that he has established extraordinary and compelling reasons that warrant his release. Because the district court did not abuse its discretion in denying his motion for compassionate release, we affirm.

## I.

Suescun is a 59-year-old serving 480 months in prison for several cocaine-related offenses. He filed a *pro se* motion for compassionate release, arguing that the prison at which he was incarcerated was experiencing a significant number of COVID-19 cases and that he had hypertension, which increased his risk of death from COVID-19. But he submitted evidence that he had only borderline symptoms of hypertension. He also argued that the 18 U.S.C. § 3553(a) factors supported his request for compassionate release.

The district court denied his motion because he had not demonstrated extraordinary and compelling reasons and because it weighed the Section 3553(a) factors against compassionate release. Specifically, the court explained that compassionate release was

unjustified "because of the seriousness of the offense, the significant amount of cocaine involved in the offense, Defendant's leadership role in carrying out the offense and the fact that Defendant obstructed justice during the trial."

Suescun now appeals, arguing that the district court abused its discretion by denying his motion. He argues that his hypertension, high cholesterol, constipation, and allergies create extraordinary and compelling circumstances that justify his release in light of the COVID-19 pandemic. And he asserts that the district court disproportionately focused on the seriousness of the offense in its Section 3553(a) analysis.

## II.

We review a district court's denial of a prisoner's Section 3582(c)(1)(A) motion for an abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). We liberally construe pleadings filed by *pro se* defendants. *United States v. Webb*, 565 F.3d 789, 792 (11th Cir. 2009).

To grant a reduction under Section 3582(c)(1)(A), district courts must find that three necessary conditions are satisfied: "support in the [18 U.S.C.] § 3553(a) factors, extraordinary and compelling reasons, and adherence to [U.S.S.G.] § 1B1.13's policy statement." *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). A defendant's medical condition is an extraordinary and compelling reason for a sentence reduction only if he (1) has a terminal disease or (2) is suffering from a physical or mental condition that

diminishes his ability to provide self-care in prison and from which he is not expected to recover. U.S.S.G. § 1B1.13 cmt. n.1(A). We have held that a district court does not abuse its discretion by denying compassionate release to an inmate with hypertension, even despite the increased risks from COVID-19. *Harris,* 989 F.3d at 912.

We cannot say the district court abused its discretion by denying Suescun's motion. Suescun did not establish that he suffered from a serious medical condition that diminished his ability to provide self-care. *See Harris,* 989 F.3d at 912. Because Suescun cannot establish an extraordinary and compelling reason for his release, we do not reach his arguments regarding the district court's application of the 18 U.S.C. § 3553(a) factors.

**AFFIRMED.**